IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| T.H. HILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1312-K-BN |
| | § | |
| BRENDA H. THOMPSON, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation that the Court dismiss this action for lack of subject-matter jurisdiction.

**Background**

Plaintiff T.H. Hill filed this lawsuit pro se on April 28, 2015. *See* Dkt. No. 3. He tendered his motion for leave to proceed *in forma pauperis* [Dkt. No. 4] the same day. On April 29, 2015, the Court granted Plaintiff leave to proceed *in forma pauperis*, *see* Dkt. No. 6, and entered an order to address the Court's concern that it lacks subject matter jurisdiction over this action, *see* Dkt. No. 7. Plaintiff was ordered to file no later than May 22, 2015 a written response to the order to show the Court it has subject-matter jurisdiction over this lawsuit and was warned that "[f]ailure to comply ... will

-1-

result in a recommendation that the complaint be dismissed for either lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3), and/or failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* at 3.

Plaintiff responded in a pleading titled "Motion of Discovery and Jurisdiction" [Dkt. No. 8], file-stamped as received on May 22, 2015. He states that his action is one for negligence against the defendant, identified as a probate judge. *See id.*

The undersigned now concludes that the complaint should be dismissed without prejudice for lack of subject-matter jurisdiction.

**Legal Standards**

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Plaintiff chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. And if he does not, his lawsuit should be dismissed. *See, e.g., Smith-Lindley v. Tex., Dep't of Family & Protective Servs.*, Civil No. 3:12-cv-4819-K, 2013 WL 4766850, at *1 (N.D. Tex. Sept. 5, 2013) ("A district court must dismiss a case when the plaintiff fails to establish subject-matter jurisdiction." (citing FED. R. CIV. P. 12(b)(1))). And, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

To establish federal question jurisdiction under 28 U.S.C. § 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume that it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

**Analysis**

Plaintiff has not "affirmatively and distinctly" alleged jurisdiction. Instead, it appears that this action concerns a dispute regarding probate. *See* Dkt. No. 3 (referencing a PR-11-130-1, which appears to be a matter that is, or was, pending in a probate court in Dallas County, Texas); Dkt. No. 8 (this action "[regards] neglect of Brenda H. Thompson probate judge.... Take under consideration my complaint of neglect...."). Probate is traditionally an important matter of state law, not federal law. *Cf. Henry v. Bank of Am., N.A.*, No. 4:11-cv-592-A, 2011 WL 5869604, at *3 (N.D. Tex.

Nov. 17, 2011) ("Given that such weighty state law matters are at stake, and that Texas has created a special forum for 'original jurisdiction' of probate proceedings, TEX. PROB. CODE § 4C, the court believes that abstention is appropriate regardless of whether federal jurisdiction exists.").

In addition, diversity jurisdiction – particularly complete diversity of the parties – appears lacking. Plaintiff states that he is a resident of Dallas, Texas, *see* Dkt. No. 3, and he appears to be suing a local attorney – who the Court notes is a member of the State Bar of Texas and is identified by Plaintiff as a local probate judge – "for neglect of Estate," *id.*

While Plaintiff neither establishes that federal law creates his cause (or causes) of action, nor that his right to relief necessarily depends on resolution of a substantial question of federal law, nor that there is complete diversity between the parties, nor that the amount in controversy exceeds $75,000, the undersigned notes that, even if Plaintiff had established subject-matter jurisdiction, "the probate exception" could operate to "take[] that jurisdiction away." *Wolfram v. Wolfram*, No. 14 C 04105, ___ F. Supp. 3d ___, 2015 WL 231808, at *3 (N.D. Ill. Jan. 16, 2015) ("Where federal-question or diversity jurisdiction *would otherwise cover a claim*, the probate exception, if it applies, takes that jurisdiction away." (citations omitted and emphasis added)). This exception is, however, "distinctly limited [in] scope," *Marshall v. Marshall*, 547 U.S. 293, 310 (2006), and only

> prohibits federal courts from exercising subject matter jurisdiction over claims that interfere with state court proceedings; claims only interfere with state court proceedings if they require the federal court to take *in*

-4-

*rem* jurisdiction over a *res* currently subject to a state court's *in rem* jurisdiction; so if there never was a state court proceeding over the *res* or all state court proceedings involving the *res* have ended, then there is nothing to interfere with and the probate exception is inapplicable.

*Wolfram*, 2015 WL 231808, at *4 (citations omitted); *see Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013) ("As we see it, to determine whether the probate exception deprives a federal court of jurisdiction, *Marshall* requires a two-step inquiry into (1) whether the property in dispute is estate property within the custody of the probate court and (2) whether the plaintiff's claims would require the federal court to assume in rem jurisdiction over that property. If the answer to both inquiries is yes, then the probate exception precludes the federal district court from exercising diversity jurisdiction."); *see also Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 860 (7th Cir. 2007) ("a conspiracy between a guardian and others to violate [the plaintiff's] rights in the course of their administration of her father's estate ... could be litigated in federal court [because] [t]he father had died and the probate of his estate had been completed"); *Leskinen v. Halsey*, 571 F. App'x 36, 38 (2d Cir. 2014) (per curiam) ("Insofar as she sues for racketeering, common law fraud, willful negligence, and negligent misrepresentation, the relief sought may be at odds with concluded state probate proceedings, but the claims do not themselves ask the district court to administer an estate, probate a will, or perform another purely probate matter" and thus trigger the probation exception. (citations omitted)).

## Recommendation

Plaintiff's action should be dismissed without prejudice pursuant to Federal

Rules of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 27, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE